DECISION AND JOURNAL ENTRY
Appellant-defendant Quintell Simpson appeals from his adjudication as a sexual predator in the Lorain County Court of Common Pleas. This Court affirms.
On June 2, 1999, the Lorain County Grand Jury indicted Simpson on one count of sexual imposition, a third-degree misdemeanor in violation of R.C. 2907.06(A)(1), and two counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4). Simpson initially pled not guilty to the charges against him, then subsequently changed his plea to guilty.[1] On September 8 and 15, 1999, a sentencing hearing was held. At the conclusion of the hearing, the trial court sentenced Simpson and found him to be a sexual predator.
Simpson timely appeals this designation, asserting two assignments of error.
 Assignment of Error No. I The Trial Court erred in finding Appellant a Sexual Predator. Appellant avers the Trial Court did not have before it evidence that met the "clear and convincing" standard of evidence required for a finding of sexual predator status.
 Assignment of Error No. II The Trial Court erred in using, as part of its evaluation, records furnished to the Prosecutor's Office and the Court by a mental health treatment facility without privilege to furnish said records to the Prosecutor, in violation of O.R.C. 5122.31.
 In his first assignment of error, Simpson argues that the trial court erred by labeling him a sexual predator because the state of Ohio failed to show by clear and convincing evidence that he was likely to engage in one or more sexually oriented offenses in the future. Simpson then argues in his second assignment of error that the trial court erred in considering information contained in mental health reports in making its determination.[2] This Court finds both assigned errors meritless.
A sexual predator is defined under R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under R.C. 2950.09(B)(2), a trial court must consider all relevant factors in determining whether an individual is a sexual predator, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C. 2950.09(C)(2)(b). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the trier of fact a firm belief or conviction as to the matter to be established. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported. "The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt." Id.
Simpson does not dispute that he was convicted of sexually oriented offenses. See R.C. 2950.01(D). He does dispute, however, whether the state sufficiently proved that he is likely to engage in the future in one or more sexually oriented offenses. In meeting its burden of proof, the state is not required to satisfy each of the statutory factors to be considered pursuant to R.C. 2950.09(B)(2); rather, the state merely had to prove by clear and convincing evidence that Simpson is likely to commit one or more sexually oriented offenses in the future. See State v.Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported.
This Court's review of the transcript of the proceedings below reveals that the state successfully produced clear and convincing evidence indicating that Simpson is a sexual predator. The transcript indicates that the trial court explicitly noted the following factors, among others, in announcing its decision: (1) that Simpson was between sixteen to eighteen years old at the time he committed his offenses; (2) that Simpson's conduct involved minors; (3) that multiple victims were involved; (4) that the offenses occurred after Simpson had completed a treatment program; and (5) the nature of the conduct involved. In regard to the age of the victims and the nature of the crimes involved, this Court has previously noted the inherent gravity of sexual offenses against minors and the impact such conduct has on sexual predator adjudications:
 [T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
 State v. Maynard (1999), 132 Ohio App.3d 820, 826, appeal not allowed (1999), 86 Ohio St.3d 1437, quoting State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Accordingly, this Court has explained that multiple offenses involving young victims can in and of themselves be sufficient to support a sexual predator adjudication. See State v. Linton (Sep. 29, 1999), Summit App. No. 19170, unreported; State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported. Further, testimony explaining how the R.C. 2950.09(B)(2) factors indicate a correlation between those factors and a likelihood to reoffend would have been mere surplusage, given the self-evident gravity of offenses against young children. State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported. Given such considerations, this Court is not inclined to say that the state failed to prove by clear and convincing evidence that Simpson is a sexual predator.
Further, Simpson's argument that R.C. 5123.31 precluded the trial court from considering information contained in mental health reports prepared by a treatment program, and that without such information the trial court did not have enough evidence to render a sexual predator adjudication, is unpersuasive. Although the state argues that Simpson had signed a voluntary authorization for the release of the information possessed by the treatment program, the record does not contain a copy of this authorization. The state has attached to its appellate brief a copy of what appears to be the signed authorization form. However, as this Court has previously explained, attachments to a brief that are not part of the record cannot be considered by this Court. SeeOberlin v. Akron Gen. Medical Cntr. (Sept. 1, 1999), Summit App. No. 18649, unreported, citing State v. Booher (1988), 54 Ohio App.3d 1,15. Even assuming arguendo that the trial court should not have considered the information contained in the treatment program's reports, however, such error would be harmless. The nature, circumstances, and pattern behind Simpson's convictions are in and of themselves sufficient to support the trial court's finding that he is a sexual predator, even without considering the contents of the material supplied by the reports in question. The needlessly cumulative information allegedly present in the report which includes Simpson's estimate that he has sexually molested an additional thirty-eight victims, for which he was never charged merely would have served to reinforce the trial court's finding and cannot be said to have been prejudicial to Simpson.
Simpson's assignments of error are therefore overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ DONNA J. CARR
BAIRD, P.J., CONCURS IN JUDGMENT ONLY SLABY, J., CONCURS.
[1] Simpson's guilty plea included an additional count of sexual imposition, a third-degree misdemeanor in violation of R.C.2907.06(A)(1).
[2] These reports have not been forwarded to this Court on appeal.